D. Maimon Kirschenbaum
Denise A. Schulman
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
**JORGE JUAREZ, JORGE MOLINA, ROMEL ARGULEO, RUBEN FLORES, and WILSON ROJAS, on behalf of themselves and others similarly situated,**

        **Plaintiffs,**

        v.

**ROSSINI'S PLACE INC., RAYMOND BERNAZ, GERRY BERNAZ, and JOSIP CERNJUL,**

        **Defendants.**
-------------------------------------------------------x

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

**JURISDICTION AND VENUE**

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. All Defendants are hereinafter collectively referred to as "Defendants."

4. Defendant Rossini's Place Inc. is a New York corporation that owns and operates Rossini's restaurant in midtown Manhattan.

5. Upon information and belief, Rossini's Place Inc. has an annual gross volume of sales in excess of $500,000.

6. Defendants Raymond Bernaz, Gerry Bernaz, and Josip Cernjul (collectively, the "Individual Defendants," together with Rossini's Place Inc., "Defendants") exercise sufficient control over Rossini's day to day operations to be considered Plaintiffs' employer under the FLSA and New York law.

7. Raymond and Gerry Bernaz are brothers, and Josip Cernjul is their first cousin.

8. The Individual Defendants own Rossini's Place Inc.

9. Rossini's website identifies the Individual Defendants as the operators of the restaurant.

10. Rossini's website says, "Rossini's success and longevity are due to the family's constant presence and their philosophy of serving true Italian Cuisine in an evolving and interesting fashion."

11. In fact, at least one of the Individual Defendants is always in Rossini's during its hours of operation.

12. While in Rossini's, the Individual Defendants reprimand employees and give them instructions.

13. The Individual Defendants periodically hold staff meetings at Rossini's where they give employees directions and identify problems at the restaurant.

14. The Individual Defendants have the power to hire and fire employees. Upon information and belief, the Individual Defendants fired an employee named Boris because he complained about wage and hour practices at a staff meeting that the Individual Defendants held.

15. Upon information and belief, the Individual Defendants were involved in creating the policies that are the subject of this lawsuit.

16. Plaintiff Jorge Juarez worked at Rossini's as a busser from approximately 2001 to 2018, with two breaks in his employment within the last six years.

17. Plaintiff Jorge Molina worked at Rossini's as a waiter for approximately a year and a half, ending in 2014.

18. Plaintiff Romel Arguleo worked at Rossini's as a waiter from approximately 2011 to 2018.

19. Plaintiff Ruben Flores worked at Rossini's as a busser from approximately August 2016 to September 2017.

20. Plaintiff Wilson Rojas worked at Rossini's as a busser from approximately August 2017 to 2018.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21. Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all tipped service employees, other than service managers, employed by Defendants on or after the date that is three years

before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

22. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage and overtime rates for all hours worked. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

23. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

24. Plaintiffs bring the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all service employees, other than service managers, employed by Rossini's on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

25. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from Rossini's records. The hours assigned and worked, the positions held, and the

rates of pay for each Class member are also determinable from Rossini's's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Rossini's. Notice can be provided by means permissible under said F.R.C.P. 23.

26.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Rossini's, upon information and belief, there at least forty (40) members of the Class.

27.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Rossini's, as alleged herein, of failing to pay all minimum wage, overtime, and spread of hours pay due; misappropriating Class members' tips; and failing to provide Class members with required wage notices. Rossini's's corporate-wide policies and practices affected all Class members similarly, and Rossini's benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

28.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

29.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit against Rossini's. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Rossini's and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

30. Upon information and belief, Rossini's and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree

of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

31. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York law.

b) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and the Class members for their work.

c) Whether Defendants paid Plaintiffs and the Class members the appropriate minimum wage for all hours worked.

d) Whether Defendants paid Plaintiffs and the Class members the appropriate overtime rate for all overtime hours worked.

e) Whether Defendants paid Plaintiffs and the Class members New York's spread of hours compensation when their workdays lasted more than 10 hours.

f) Whether Defendants gave Plaintiffs and the Class members the wage notices and statements required by New York Labor Law § 195 and the New York Hospitality Wage Order.

g) Whether Defendants misappropriated a portion of Plaintiffs' and the Class members' tips.

## FACTS

32. Plaintiffs' Consent to Sue forms are attached as Exhibit A.

33. Defendants committed the following alleged acts knowingly, intentionally and willfully.

34. Plaintiffs worked substantial overtime.

35. Plaintiffs worked four or five double shifts (lunch and dinner) per week plus an additional two dinner shifts.

36. During double shifts, Plaintiffs worked at least 9.5 hours, and often more. The start and end times for double shifts were always more than 10 hours apart.

37. During dinner only shifts, Plaintiffs worked at least 5.5 hours, and often more.

38. Even though Plaintiffs worked more than 40 hours per week, Defendants only paid them for 40 hours.

39. Defendants did not pay Plaintiffs New York's "spread of hours" premium on days when Plaintiffs worked double shifts.

40. Defendants paid Plaintiffs pursuant to the New York tip credit. This rate was always less than the full New York minimum wage, and in 2015 it was less than the federal minimum wage.

41. Defendants were not entitled to use tip credits to pay Plaintiffs less than the full minimum wage because (1) they did not give Plaintiffs proper notices of the tip credit and (2) they misappropriated portions of Plaintiffs' tips.

42. Specifically, Defendants did not give Plaintiffs the notices required by NYLL § 195(1).

43. Defendants required Plaintiffs to share tips with tip-ineligible employees, such as a captain named Wilson who had managerial responsibilities. For example, Wilson hired Plaintiff Molina.

44. Defendant Raymond Bernaz sometimes retained a portion of Plaintiffs' tips.

45. In addition, Plaintiffs did not receive tips from the private events they worked.

46. Plaintiffs' weekly pay statements did not contain accurate statements of their hours worked, in violation of NYLL § 195(3).

47. Defendants knew that nonpayment of minimum wage/overtime would economically injure Plaintiffs and violated federal and state laws.

48. Defendants committed the foregoing acts against Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class.

### FIRST CLAIM FOR RELIEF
**(FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*)**
**(Brought By Plaintiffs on Behalf of Themselves
and the FLSA Collective Plaintiffs)**

49. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

50. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and the FLSA Collective Plaintiffs.

51. Defendants knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the full federal minimum wage for each hour worked.

52. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)
(**Brought By Plaintiffs on Behalf of Themselves
and the FLSA Collective Plaintiffs**)

53. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

54. Throughout the statute of limitations period covered by these claims, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

55. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiffs and the FLSA Collective Plaintiffs at one and one half times the greater of their regular rate or the full federal minimum wage for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiffs and the FLSA Collective Plaintiffs were entitled to overtime.

56. Plaintiffs, on behalf of themselves the FLSA Collective Plaintiffs, seek damages in the amount of their unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*)
(**Brought By Plaintiffs on Behalf of Themselves and the Class**)

57. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

58. Defendants knowingly failed to pay Plaintiffs and the Class members the full New York State minimum wage for all hours worked.

59. Defendants' failure to pay Plaintiffs and the Class members the New York minimum wage was willful.

60. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class members are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
**(New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.***
**N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4)**
**(Brought By Plaintiffs on Behalf of Themselves and the Class)**

61. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

62. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

63. Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class members at the required overtime rate of one-and-one-half times the full New York minimum wage for hours worked in excess of forty (40) hours per workweek.

64. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class members are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FIFTH CLAIM FOR RELIEF**
**(New York Spread of Hours Violations, N.Y. Lab. L. §§ 650 *et seq.*,**
**N.Y. Comp. Code R. & Regs. tit. 12, §§ 146-1.6)**
**(Brought By Plaintiffs on Behalf of Themselves and the Class)**

65. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

66.     Plaintiffs and the Class members regularly had workdays that lasted more than ten (10) hours.

67.     Defendants willfully and intentionally failed to pay Plaintiffs and the Class members one hour's pay at the full New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

68.     As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class members are entitled to an award of damages, including liquidated damages as provided by New York law, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**(Brought By Plaintiffs on Behalf of Themselves and the Class)**

69.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

70.     Defendants did not provide Plaintiffs and the Class members with the notices/wage statements required by N.Y. Lab. Law § 195.

71.     As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class members are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## SEVENTH CLAIM FOR RELIEF
**(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d)**
**(Brought by Plaintiffs on Behalf of Themselves and the Class)**

72.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

73.     Defendants illegally misappropriated a portion of Plaintiffs' and the Class members' tips.

74. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Collective Plaintiffs, and the Class, pray for relief as follows:

A. An award of damages, according to proof, including back pay and liquidated damages, to be paid by Defendants;

B. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

C. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

D. Designation of this action as a class action pursuant to F.R.C.P. 23.

E. Designation of Plaintiffs as Representative of the Class.

F. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

G. Penalties available under applicable laws;

H. Costs of action incurred herein, including expert fees;

I. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

J.   Pre-judgment and post-judgment interest, as provided by law; and

K.   Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York
       February 5, 2018

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/ Denise A. Schulman
    D. Maimon Kirschenbaum
    Denise A. Schulman
    32 Broadway, Suite 601
    New York, NY 10004
    Tel: (212) 688-5640
    Fax: (212) 688-2548

*Attorneys for Named Plaintiffs, the proposed FLSA Collective Plaintiffs, and the proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.